IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

```
UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
     v.                         )    Criminal Action No.
                                )    09-00128-01-CR-W-NKL
JASON PEDERSEN,                 )
                                )
            Defendant.          )
```

**REPORT AND RECOMMENDATION**
**TO ACCEPT DEFENDANT'S GUILTY PLEA**

On May 12, 2009, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

## I. BACKGROUND

On May 12, 2000, a superseding information was filed charging defendant with one count of receiving child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(2). Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on May 12, 2009. Defendant was present, represented by Gabriel Domjan. The government was represented by Assistant United States Attorney Beth Phillips. The proceedings were recorded and a transcript of the hearing was filed on May 14, 2009.

## II. AUTHORITY OF THE COURT

The authority of federal Magistrate Judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that Magistrate Judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a Magistrate Judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a Magistrate Judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the

2

availability of *de novo* review by a District Judge preserves the structural guarantees of Article III. <u>United States v. Torres</u>, 258 F.3d at 795. Applying the <u>Peretz</u> holding and the reasoning of <u>Williams</u>, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." <u>Id.</u> Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. <u>Id.</u> at 796 (citing <u>United States v. Dees</u>, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. <u>Id.</u> "Consent is the key." <u>Id.</u> (quoting <u>United States v. Williams</u>, 23 F.3d at 633).

The <u>Torres</u> court also addressed the implications of such a delegation for Article III's case and controversy clause. <u>Id.</u> Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a Magistrate Judge. <u>Id.</u> Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the Magistrate Judge's role. <u>Id.</u>

3

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III. FINDINGS OF FACT*

1. On May 12, 2009, a superseding information was filed charging defendant with one count of receiving child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(2). On January 12, 2009, prior to the change-of-plea hearing, defendant waived indictment and a superseding information was filed charging him with receiving child pornography (Tr. at 5-6). Defendant understood the charge in the superseding information (Tr. at 6).

2. The statutory penalty for the charged violation is not less than five years and up to 20 years in prison, a fine of up to $250,000, a supervised release term of not more than life, a mandatory $100 special assessment, and possible restitution to victims (Tr. at 6-7).

3. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 7);

   b. That he has the right to assistance of counsel throughout the trial (Tr. at 7-8);

4

  c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 8);

  d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 8);

  e. That defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that defendant may not testify at trial (Tr. at 8-9);

  f. That defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 9); and

  g. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 10).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 10).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 11). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 11). Defendant stated that he understood (Tr. at 11).

6. Defense counsel stated that this was an open-file case and he reviewed the government's file (Tr. at 11). Government counsel stated that its evidence would show that:

> On October 2, 2007, the St. Charles, Missouri, Police Department engaged in an undercover operation using peer-to-peer software. After entering terms commonly associated with child pornography into the peer-to-peer software, the undercover agent obtained a list of files that were available for sharing, and the file name and hash value of each file, they determined that there was a computer located in Independence, Missouri, that had child pornography on the computer and was willing to share that child pornography with other peer-to-peer software users. Using a state investigative subpoena, Detective Howell of the Independence Missouri Police Department learned that the IP address of this computer which offered to share known child pornography was assigned to the defendant, Jason Pedersen, and was actually in Independence, Missouri. Detective Howell then obtained a Jackson County search warrant to search Pedersen's address. When officers executed the warrant on October 22, 2007, they seized a laptop computer, an external hard drive and other pieces of electronic equipment which were then sent for analysis to Heart of America Regional Computer Forensics Laboratory. Detective Howell also interviewed the defendant. The defendant admitted to downloading child pornography using peer-to-peer software. The Heart of America Regional Computer Forensics Laboratory analysis found two peer-to-peer programs located on the laptop recovered from the defendant's apartment. In addition, child pornography was found on the laptop and on the external hard drive. The review found 124 known still images of child pornography, 132 known videos of child pornography on both the laptop -- or between the laptop and the external hard drive. And they found an additional 54 videos of suspected child pornography on the laptop and external hard drive. The Government would also be prepared to prove that at all times relevant to his criminal conduct, the defendant was aware that possession, receipt and distribution of child pornography was illegal and in violation of federal law.

(Tr. at 12-13).

7. Defense counsel agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 13).

8. Defendant was placed under oath (Tr. at 13) and admitted the following: Sometime between October 1, 2007, and October 22, 2007, he was living in Independence, Missouri; he used peer-to-peer software on his computer to download media files from other computers; he searched files containing pornographic photos and videos; on at least one occasion during that time he received a file that contained a descriptive title with terms that caused him to believe the file contained child pornography; he viewed the file and confirmed that it contained visual depictions of a minor engaging in sexually explicit conduct; and he saved the file to the hard drive of his computer (Tr. at 14-15).

9. Defendant is familiar with the ***binding plea agreement***, discussed it with his attorney, and understands it (Tr. at 16). In addition, I went over the plea agreement with defendant during the change-of-plea hearing (Tr. at 16-23).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 23).

11. Defendant is satisfied with the advice and guidance he has received from Mr. Domjan (Tr. at 24). There is nothing Mr. Domjan has done that defendant did not want him to do, and there

7

is nothing he wanted Mr. Domjan to do that Mr. Domjan has not done (Tr. at 23).

12.  Defendant is 34 years of age (Tr. at 23-24).  He has a high school diploma, some college, and a nursing certificate (Tr. at 24).  He has no mental health impairment and was not under the influence of any alcohol or drug that would affect his ability to make an intelligent choice about pleading guilty during the change-of-plea hearing (Tr. at 24).

13.  Defendant tendered a plea of guilty to the crime charged in this superseding information (Tr. at 25-26).

## IV.  ELEMENTS OF THE CHARGED OFFENSE

The elements necessary to sustain a conviction for receiving child pornography are:

(1)  the defendant knowingly received a video file that contained a visual depiction of child pornography;

(2)  the defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct; and

(3)  the material containing the visual depiction was produced using materials that had been mailed, shipped, or transported by computer in interstate or foreign commerce. Eighth Circuit Model Criminal Jury Instruction 6.18.2252A.

## V.  CONCLUSION

Based on the above, I make the following conclusions:

1.  The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on

8

whether defendant's guilty plea should be accepted.

    2.    Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in this superseding information.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged. **The parties are reminded that each reserves the right to withdraw from this plea agreement in the event the sentencing judge deviates from the sentence set out in the binding plea agreement.**

                                         */s/ Robert E. Larsen*
                                         ROBERT E. LARSEN
                                         United States Magistrate Judge

Kansas City, Missouri
May 21, 2009

9

Case 4:09-cr-00128-NKL   Document 13   Filed 05/21/09   Page 9 of 9